UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.     2:24-cv-01745-JAK-AJR                          Date:  March 8, 2024
                                                                                   Page 1 of 6

Title:     Andrew Kramer v. State of California

DOCKET ENTRY:     **ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED AS UNTIMELY**

PRESENT:

**HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE**

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

ATTORNEYS PRESENT FOR PLAINTIFF:           ATTORNEYS PRESENT FOR DEFENDANTS:

    None Present                                                None Present

**PROCEEDINGS:  (IN CHAMBERS)**

On January 26, 2024,[1] Andrew Kramer ("Petitioner"), a California state prisoner proceeding *pro se*, constructively filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition").  (Dkt. 1.)  Under Rule 4 of the Rules Governing Section 2254 Cases, this Court has an affirmative obligation to screen habeas petitions to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, the Court has reviewed the Petition and attached exhibits and believes that the Petition may be time-barred, as explained below.

---

[1] "In determining when a *pro se* state or federal petition is filed, the 'mailbox' rule applies. A petition is considered to be filed on the date a prisoner hands the petition to prison officials for mailing." Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010). Accordingly, the Court has assumed a constructive filing date of January 26, 2024, which is the date Petitioner signed the petition.  (Dkt. 1 at 15.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-01745-JAK-AJR                              Date: March 8, 2024
                                                               Page 2 of 6

Title:     Andrew Kramer v. State of California

**DISCUSSION**

Because the Petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the Petition is subject to the AEDPA's one-year statute of limitations, as set forth at 28 U.S.C. § 2244(d). See Campbell v. Henry, 614 F.3d 1056, 1058 (9th Cir. 2010). 28 U.S.C. § 2244(d) provides:

"(1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A)   the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

As set forth above, the AEDPA's one-year limitations period runs from the latest of four possible accrual dates. Here, the latest possible accrual date appears to be when Petitioner's conviction became final, which is defined as the "conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner states that he pled guilty to certain charges on July 17, 2018 and was also sentenced on July 17, 2018. (Dkt. 1 at 1.)[2] Petitioner does not appear to have sought direct

---

[2] The Court cites to the CM/ECF pagination on the top of each page.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-01745-JAK-AJR                          Date: March 8, 2024
                                                            Page 3 of 6

Title:         Andrew Kramer v. State of California

review of his guilty plea. (Id. at 1, 21.) Accordingly, Petitioner's conviction became final sixty days after his guilty plea and sentence were imposed, when the period of time to appeal expired. See Cal. Ct. R. 8.308(a) (providing sixty days in which to file and perfect an appeal); Cal. Penal Code § 1237(a) (a sentence constitutes a "final judgment" for purposes of a defendant's right to appeal). Sixty days after July 17, 2018 is September 15, 2018, which is a Saturday, and therefore the last day for Petitioner to appeal was extended to Monday, September 17, 2018. See Cal. Code Civ. Proc. §§ 12, 12a, 135. Therefore, Petitioner's one-year statute of limitations began to run the following day on **September 18, 2018**, and absent tolling, expired on September 18, 2019. Petitioner did not constructively file the instant Petition in this Court until January 26, 2024 – over four years later.

**A.     Petitioner Has Not Established Entitlement To Statutory Tolling.**

Under 28 U.S.C. § 2244(d)(2), AEDPA's limitations period is tolled while "'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Allen v. Siebert, 552 U.S. 3, 4 (2007) (*per curiam*) (quoting 28 U.S.C. § 2244(d)(2)). Petitioner "bears the burden of proving that the statute of limitations was tolled." Banjo v. Ayers, 614 F.3d 964, 967 (9th Cir. 2010). This provision tolls the statute for the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application. See id.

Here, it is unclear whether Petitioner is entitled to statutory tolling or for how long. Petitioner states that he filed a state habeas petition in the superior court in 2019, but does not state specifically when he filed the petition. (Dkt. 1 at 21.) Petitioner also does not state when the superior court denied his habeas petition, but states that he subsequently filed a habeas petition in the California Court of Appeal. (Id. at 22.) Petitioner states that the California Court of Appeal denied his habeas petition on July 27, 2021 (Case No. B304830), and that he subsequently filed a habeas petition in the California Supreme Court. (Id.) Petitioner does not state when he filed his habeas petition in the California Supreme Court, but states that the California Supreme Court denied this petition on October 31, 2021 (Case

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   2:24-cv-01745-JAK-AJR | Date: March 8, 2024 |
| | Page 4 of 6 |

Title:   <u>Andrew Kramer v. State of California</u>

No. S270688).  (<u>Id.</u>)  Accordingly, the potential period of statutory tolling would have ended on October 31, 2021 and the AEDPA one-year limitations period would have continued to run starting on November 1, 2021.

Petitioner states that he next filed a federal habeas petition before the Central District of California, but voluntarily withdrew the petition because it contained unexhausted issues. (<u>Id.</u>)  Indeed, the Central District docket shows that Petitioner constructively filed a federal habeas petition in Case No. CV 22-408-RGK-AFM on December 27, 2021.[3]  The docket further shows that Petitioner's prior federal habeas petition contained unexhausted claims, and so the Magistrate Judge assigned to that case advised Petitioner of his right to voluntarily dismiss the action without prejudice so that he may exhaust his state court remedies. (Case No. CV 22-408-RGK-AFM, Dkt. 21 at 3.)  The Magistrate Judge expressly advised Petitioner that if he chose to voluntarily dismiss, "federal review of his claims may be barred by the one-year limitations period" under AEDPA.  (<u>Id.</u>)  Petitioner subsequently filed a letter requesting voluntary dismissal of the action without prejudice and the action was dismissed on July 22, 2022.  (Case No. CV 22-408-RGK-AFM, Dkts. 22-23.)  However, the time during which Petitioner's prior federal habeas action was pending before the Central District of California does not qualify for statutory tolling.  <u>See</u> <u>Duncan v. Walker</u>, 533 U.S. 167, 181 (2001) ("[A]n application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2).").

Petitioner states that after withdrawing his prior federal habeas action, he raised his unexhausted claims in the California state courts.  (Dkt. 1 at 22.)  Petitioner does not state when he filed his first habeas petition in the California state courts, but he states that the California Supreme Court denied the final petition on February 14, 2024 (Case No. S283214).  (<u>Id.</u>)

---

[3] The Court has assumed a constructive filing date of December 27, 2021, which is the date Petitioner signed the petition.  (Case No. CV 22-408-RGK-AFM, Dkt. 1 at 16.)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-01745-JAK-AJR                              Date: March 8, 2024
                                                                                          Page 5 of 6

Title:         Andrew Kramer v. State of California

Thus, it is unclear from the Petition whether Petitioner is entitled to statutory tolling or for how long. As explained above, Petitioner bears the burden of establishing his entitlement to statutory tolling. See Banjo, 614 F.3d at 967. Based on the current record, there are significant periods of time where it appears the AEDPA's one-year limitations period would have expired. For example, the limitations period began to run on September 18, 2018, and absent tolling, expired on September 18, 2019. The limitations period also began to run on November 1, 2021 and was not tolled by Petitioner's prior federal habeas action. **Thus, Petitioner is directed to provide a copy of his first state habeas petition in the superior court that he states he filed in 2019. The Court requires documentation establishing the filing date of this initial state habeas petition. Petitioner is also directed to provide a copy of his state habeas petitions filed after dismissing his prior federal habeas action. The Court requires documentation establishing the filing and denial dates of those state habeas petitions filed likely filed in 2022 or 2023.**

**B.     Petitioner Does Not Appear To Be Entitled To Equitable Tolling.**

In addition to statutory tolling, the AEDPA limitations period may be equitably tolled where a petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418; accord Menominee Indian Tribe of Wis. v. United States, 577 U.S. 250, 257 (2016). "This is a very high bar, and is reserved for rare cases." Yow Ming Yeh v. Martel, 751 F.3d 1075, 1077 (9th Cir. 2014).

To meet this burden, Petitioner "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." Smith v. Davis, 953 F.3d 582, 598–99 (9th Cir. 2020) (*en banc*). The second prong of the test for equitable tolling "is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [his] control." Menominee Indian Tribe of Wis., 577 U.S. at 257 (emphasis in original). The threshold necessary to trigger equitable tolling "is very high, lest the exceptions swallow the rule." Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). Petitioner must show

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.    2:24-cv-01745-JAK-AJR | Date:  March 8, 2024 |
| | Page 6 of 6 |

Title:    Andrew Kramer v. State of California

---

that the alleged "extraordinary circumstances" were the "cause of [the] untimeliness." Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006) (brackets in original) (quoting Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)).

Here, there does not appear to be any basis for equitable tolling. **If Petitioner believes that he is entitled to equitable tolling, he must provide specific facts and documents which justify equitable tolling.**

**CONCLUSION**

**Petitioner therefore is ordered to show cause, no later than April 8, 2024, why this action should not be dismissed with prejudice as barred by the statute of limitations. Petitioner is advised that his failure to timely respond to this Order to Show Cause, or his failure to show why his action is not time-barred, will result in the Court recommending that the action be dismissed.** Petitioner is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A form Notice of Dismissal is attached for Petitioner's convenience.

IT IS SO ORDERED.

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).